UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RICHARD MILLS,

                       Plaintiff,   **DECISION AND ORDER**
                                    **No. 1:16-cv-00984-MAT**
    -vs-

ROBERT C. NOONAN, Genesee
County, RANDOLPH ZICKL,
WILLIAM ZICKL, ROBERT ZICKL,
LAWRENCE FRIEDMAN, DAVID GANN,
CHARLES ZAMBTIO, JOHN RIZZO,
DAVID MORABITO, STATE OF NEW
YORK (Injunctive Relief)

                      Defendants.

---

RICHARD MILLS,               **DECISION AND ORDER**
                                 **No. 1:11-cv-00440-MAT**
                  Petitioner,

    -vs-

JOHN B. LEMPKE,

                Respondent.

---

RICHARD MILLS,             **DECISION AND ORDER**
                                 **No. 1:06-cv-00842-MAT**
                  Petitioner,

    -vs-

SUPERINTENDENT T. POOLE,

                Respondent.

---

## INTRODUCTION

Presently before the Court are identical "Motions Pursuant to Fed. R. Civ. P., Rule [sic] 60 & 15" filed by pro se litigant Richard Mills ("Mills") in the above-captioned, closed cases. Mills

seeks vacatur of the judgments entered dismissing the complaints or petitions pursuant to Federal Rule of Civil Procedure Rule ("F.R.C.P.") 60(b)(3) and 60(d)(3) and permission to amend the complaint and petitions in the above-captioned actions pursuant to F.R.C.P. 15. Recognizing that a motion under F.R.C.P. 60(b)(3) is untimely under that subsection's one-year limitations period, Mills seeks "equitable tolling." Mills also seeks recusal of all the district judges and magistrate judges in this District pursuant to 28 U.S.C. §§ 144 and 455, appointment of counsel, appointment of a handwriting expert, and appointment of a private investigator to assist him. For the reasons discussed below, the motions are denied in their entirety.

## DISCUSSION

F.R.C.P. 60(b)(3) provides that a court may relieve a party of a final judgment or order for "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). As Mills is aware, a motion under Rule 60(b)(3) has a strict one-year statute of limitations. See Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time—and for reasons [in subsections] (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."). Mills acknowledges that his F.R.C.P. 60(b)(3) motion is untimely but suggests that the one-year limitations period is subject to tolling

under a theory of "equitable estoppel" because nearly every individual involved in his state court criminal proceedings allegedly made false representations on a multiplicity of subjects. The underlying "facts" in support of Mills' equitable estoppel argument have been considered by this Court previously and rejected as outlandish and unfounded.

In any event, Mills cites no authority for the proposition that "equitable estoppel" or "equitable tolling" is available with regard to a motion pursuant to F.R.C.P. 60(b)(3). To the contrary, the one-year limitations period imposed by F.R.C.P. 60(c)(1) on F.R.C.P. 60(b)(3) motions is "'absolute[.]'" Warren v. Garvin, 219 F.3d 111, 114 (2d Cir.) (quoting 12 James Wm. Moore, Moore's Federal Practice § 60.65[2][a], at 60-200 (3d ed. 1997)), cert. denied, 531 U.S. 968 (2000). "There are no exceptions to this rule based on the appeal process, ignorance of the alleged fraud, or other extenuating circumstances in the case." In re Waters, No. 99-31833, 2011 WL 3678910, at *14 (Bankr. D. Conn. Aug. 23, 2011) (citing King v. First Am. Investigations, Inc., 287 F.3d 91 (2d Cir.) (per curiam) (holding F.R.C.P. 60(b)(3) relief inappropriate where the final judgment was entered August 12, 1998 and the motion to vacate was filed May 11, 2000; rejecting the pendency of appeal as a factor that tolled the one-year period), cert. denied, 537 U.S. 960, reh'g denied, 537 U.S. 1098 (2002).

Mills also cites F.R.C.P. 60(d)(3), the "savings provision" of

F.R.C.P. 60, which provides that the rule "does not limit a court's power to . . . set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). There is no time limit for motions under F.R.C.P. 60(d)(3). See Serszysko v. Chase Manhattan Bank, 461 F.2d 699, 702 (2d Cir. 1972). "'[F]raud upon the court' as distinguished from fraud on an adverse party [covered by F.R.C.P. 60(b)(3)] is limited to fraud which seriously affects the integrity of the normal process of adjudication." Gleason v. Jandrucko, 860 F.2d 556, 559 (2d Cir. 1988) (citing Kupferman v. Consolidated Research & Mfg. Corp., 459 F.2d 1072, 1078 (2d Cir. 1972); 7 J. Moore, Federal Practice ¶ 60.33, at 360 (2d ed. 1987)).

Thus, "fraud on the court" "must involve more than injury to a single litigant; it is limited to fraud that 'seriously' affects the integrity of the normal process of adjudication." Moore's Federal Practice ¶ 60.21[4][a], at 60-55 to 60-56 & n. 19 (3d ed. 2018) (citing Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 246 (1944)). Although Mills has begun peddling his legal briefs to criminal defendants convicted in Genesee County, it is apparent that these individuals are merely vehicles through which Mills hopes to more widely disseminate his feverish conspiracy theories. Mills is the only putative victim of the fraud allegedly perpetrated by the band of conspirators—which now includes the undersigned—described in Mills' pleadings.

Furthermore, "relief for fraud on the court is available only

where the fraud was not known at the time of settlement or entry of judgment." United States v. Sierra Pac. Indus., Inc., 862 F.3d 1157, 1168 (9th Cir. 2017) (citing Hazel-Atlas, 322 U.S. at 244 (allowing relief for "after-discovered fraud"); other citations omitted)), cert. denied, 138 S. Ct. 2675 (2018). Mills has been complaining about corruption, conspiracy, and nepotism in Genesee County for decades. The "new" facts that he adduces about this Court's knowledge of and participation in the alleged cabal consist essentially of items from the undersigned's resume, e.g., that the undersigned was in the practice of law at a certain firm prior to becoming the Monroe County Surrogate. All of this information has been public knowledge for years. It is only after this Court has consistently denied Mills relief—because his claims lack any arguable basis in law or fact—that he has resorted to accusing the undersigned of being part of the vast conspiracy in Genesee County and beyond. Mills' pattern is clear and predictable: if you disagree with him and do not give in to his demands, you are a criminal and a despot and must be ousted.

In short, to accept that Mills has demonstrated "fraud on the court" would require a suspension of disbelief that is not achievable by a sane and rational person. His motion for relief from judgment is denied as factually untethered from reality and legally frivolous.

Having denied vacatur, the Court denies the requests to amend

the petitions and complaint as moot. Likewise, the requests for recusal of the entire bench of this District, appointment of counsel, appointment of a handwriting expert, and appointment of a private investigator are denied as moot.

**CONCLUSION**

For the reasons discussed above, Mills' "Motions Pursuant to Fed. R. Civ. P., Rule [sic] 60 & 15" **are denied in their entireties with prejudice**. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Court further declines to issue a certificate of appealability as Mills has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2).

**SO ORDERED.**

                              **s/ Michael A. Telesca**

                      HON. MICHAEL A. TELESCA
                   United States District Judge

Dated:    June 4, 2019
           Rochester, New York.